UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

OSCAR D. ADAMS                                                                                    PETITIONER

v.                                                                           CIVIL ACTION NO. 3:16CV-P3-JHM

AARON SMITH, WARDEN *et al.*                                                             RESPONDENTS

**MEMORANDUM OPINION AND ORDER**

Petitioner Oscar D. Adams filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1). The petition is currently before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court will direct Petitioner to show cause why his petition should not be dismissed as time-barred under the applicable one-year statute of limitations.

I.

According to the petition and its attachments, Petitioner pleaded guilty in Jefferson Circuit Court on November 10, 2010, to an amended charge of first-degree sodomy, forcible compulsion. He was sentenced on March 31, 2011,[1] and he did not file an appeal.

On April 4, 2013, Petitioner filed a post-conviction RCr 11.42 motion to vacate his judgment in the state trial court based upon ineffective assistance of counsel.[2] The procedural

---

[1] In the § 2254 form, Petitioner indicates that he was sentenced on March 17, 2011, but in the attached memorandum in support, he indicates that he was "final sentenced March 31, 2011." For the purposes of preliminary review, the Court will use March 31, 2011, the date more favorable to the *pro se* Petitioner.

[2] Petitioner primarily argued that his counsel was ineffective for failing to move to suppress his confession because he was not provided with a sign language interpreter during the police interview even though he met the statutory criteria to be provided with one. He also argued that he was innocent and could not have abused the child because he was never alone with her.

history of Petitioner's post-conviction review is not straightforward.  A Kentucky Court of Appeals opinion attached to the petition summarizes the matter as follows:

> On July 2, 2013, the circuit court dismissed Adams's motion because it was unverified.  On July 5, 2013, Adams filed a motion to vacate the summary dismissal and supplement his prior motion with a proper verification.
> [O]n December 20, 2013, the circuit court sustained Adams's motion to vacate and considered the April 4, 2013, motion on the merits.  The circuit court denied the motion . . . .
> On January 17, 2014, Adams filed a motion to alter, amend or vacate.  He argued this motion should be considered timely because the circuit court's order denying his motion on the merits was incorrectly sent to his mother's address rather than to his correctional address.  On February 28, 2014, the circuit court denied this motion.
> On April 15, 2014, Adams filed a motion to resubmit his July 5, 2013, motion providing verification of his April 4, 2013, motion to vacate his judgment on the basis of ineffective assistance of counsel and requested a new order so he could timely appeal.  The circuit court denied this motion that same day.  On May 16, 2014, Adams filed a notice of appeal from the order denying this motion.

(DN 1, Attach., *Adams v. Commonwealth of Kentucky*, No. 2014-CA-000815-MR (Ky. Ct. App. July 2, 2015)).

On appeal, the Kentucky Court of Appeals concluded that the April 15, 2014, order denying Petitioner's motion to resubmit was the only order properly before it for review.  By opinion dated July 2, 2015, the Kentucky Court of Appeals affirmed the circuit court's denial of the motion to resubmit but also indicated that were the December 20, 2013, order properly before it for review, it would affirm that order as well.  Petitioner then moved for rehearing, which the court of appeals denied by order entered August 17, 2015.  Thereafter, on December 11, 2015, the Kentucky Supreme Court denied Petitioner's motion for enlargement of time in which to file a motion for discretionary review.

Petitioner filed the instant § 2254 petition on December 23, 2015.[3]

**II.**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

[3] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). Petitioner does not indicate the date he gave his petition to prison officials for filing. However, in the memorandum in support of the petition, he certifies that his petition "was served by postage prepaid mail on the Clerk, United States District Court" on December 23, 2015. The Court will use this date as the filing date.

Here, § 2254(1)(A) applies, and the limitation period runs from the date on which Petitioner's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Because Petitioner was sentenced on March 31, 2011, and did not file a direct appeal, his conviction became final on May 2, 2011,[4] at the expiration of the thirty-day period during which he could have filed a direct appeal. *See* Ky. R. Crim. P. 12.04(3) ("The time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken."). The limitations period, therefore, expired one year later on May 2, 2012. Because Petitioner did not file the instant § 2254 petition until well over three years later on December 23, 2015, the action is time-barred unless there was "a properly filed application for State post-conviction or other collateral review" pending during that period. 28 U.S.C. § 2244(d)(2). As detailed above, Petitioner did not file a post-conviction motion until April 4, 2013, nearly a year beyond the statutory one-year limitations period, and the filing of that motion did not restart the one-year period for filing a § 2254 petition. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

Because § 2254's one-year statute of limitations is not jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205 (2006), it is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows

---

[4] Actually, the 30-day period ended on April 30, 2011. However, that date was a Saturday so finality occurred on Monday, May 2, 2011. *See* Ky. R. Civ. P. 76.40(1); Ky. R. Civ. P. 6.01.

'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A claim of actual innocence may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)). Here, Petitioner cites to no circumstances warranting equitable tolling.

Before dismissing the action on statute-of-limitations grounds, the Court will provide Petitioner with an opportunity to respond. *See Day v. McDonough*, 547 U.S. at 210.

**III.**

**IT IS THEREFORE ORDERED** that within **thirty (30) days** from entry of this Order, Petitioner must show cause why the § 2254 petition for writ of habeas corpus should not be denied and the action dismissed as barred by the applicable one-year statute of limitations.

**Petitioner is WARNED that his failure to respond within the time allotted will result in dismissal of the action for the reasons set forth herein.**

Date: June 10, 2016

*[signature]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Petitioner, *pro se*
4414.005