UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

OSCAR D. ADAMS                                                           PETITIONER

v.                                                    CIVIL ACTION NO. 3:16CV-P3-JHM

AARON SMITH, WARDEN *et al.*                                          RESPONDENTS


## MEMORANDUM OPINION AND ORDER

Petitioner Oscar D. Adams filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DN 1).  On preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court directed Petitioner to show cause why his petition should not be denied and the action dismissed as time-barred under the applicable one-year statute of limitations (DN 14).  Within the response time, Petitioner filed a motion to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  As the Court has not entered a judgment in this case and Petitioner indicates in his motion that he is responding to the show-cause Order, the Rule 59(e) motion (DN 15) is **DENIED** and that motion is **construed** as Petitioner's response to the show-cause Order.  Petitioner also filed a motion to expand the record (DN 16) arguing against dismissal on statute-of-limitations grounds and seeking a hearing on his claims of ineffective assistance of counsel.  Finding no hearing necessary, the motion to expand the record (DN 16) is **DENIED**.  The Court, nevertheless, will consider Petitioner's arguments in that motion relating to the timeliness of the petition.

Upon consideration of Petitioner's arguments and the relevant law, the Court will deny the § 2254 motion and dismiss the action as untimely.

**I.**

According to the petition and its attachments, Petitioner pleaded guilty in Jefferson Circuit Court on November 10, 2010, to an amended charge of first-degree sodomy, forcible compulsion. He was sentenced on March 31, 2011,[1] and he did not file an appeal.

On April 4, 2013, Petitioner filed a post-conviction RCr 11.42 motion to vacate his judgment in the state trial court based upon ineffective assistance of counsel.[2] The procedural history of Petitioner's post-conviction review is not straightforward. A Kentucky Court of Appeals opinion attached to the petition summarizes the matter as follows:

> On July 2, 2013, the circuit court dismissed Adams's motion because it was unverified. On July 5, 2013, Adams filed a motion to vacate the summary dismissal and supplement his prior motion with a proper verification.
>
> [O]n December 20, 2013, the circuit court sustained Adams's motion to vacate and considered the April 4, 2013, motion on the merits. The circuit court denied the motion . . . .
>
> On January 17, 2014, Adams filed a motion to alter, amend or vacate. He argued this motion should be considered timely because the circuit court's order denying his motion on the merits was incorrectly sent to his mother's address rather than to his correctional address. On February 28, 2014, the circuit court denied this motion.
>
> On April 15, 2014, Adams filed a motion to resubmit his July 5, 2013, motion providing verification of his April 4, 2013, motion to vacate his judgment on the basis of ineffective assistance of counsel and requested a new order so he could timely appeal. The circuit court denied this motion that same day. On May 16, 2014, Adams filed a notice of appeal from the order denying this motion.

---

[1] In the § 2254 form, Petitioner indicates that he was sentenced on March 17, 2011, but in the attached memorandum in support, he indicates that he was "final sentenced March 31, 2011." For the purposes of preliminary review, the Court will use March 31, 2011, the date more favorable to the *pro se* Petitioner.

[2] Petitioner primarily argued that his counsel was ineffective for failing to move to suppress his confession because he was not provided with a sign language interpreter during the police interview even though he met the statutory criteria to be provided with one. He also argued that he was innocent and could not have abused the child because he was never alone with her.

2

(DN 1, Attach., *Adams v. Commonwealth of Ky.*, No. 2014-CA-000815-MR (Ky. Ct. App. July 2, 2015)).

On appeal, the Kentucky Court of Appeals concluded that the April 15, 2014, order denying Petitioner's motion to resubmit was the only order properly before it for review. By opinion dated July 2, 2015, the Kentucky Court of Appeals affirmed the circuit court's denial of the motion to resubmit but also indicated that were the December 20, 2013, order properly before it for review, it would affirm that order as well. Petitioner then moved for rehearing, which the court of appeals denied by order entered August 17, 2015. Thereafter, on December 11, 2015, the Kentucky Supreme Court denied Petitioner's motion for enlargement of time in which to file a motion for discretionary review.

Petitioner filed the instant § 2254 petition on December 23, 2015.[3]

## II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] "Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). Petitioner does not indicate the date he gave his petition to prison officials for filing. However, in the memorandum in support of the petition, he certifies that his petition "was served by postage prepaid mail on the Clerk, United States District Court" on December 23, 2015. The Court will use this date as the filing date.

3

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Here, § 2244(1)(A) applies, and the limitation period runs from the date on which Petitioner's judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  Because Petitioner was sentenced on March 31, 2011, and did not file a direct appeal, his conviction became final on May 2, 2011,[4] at the expiration of the thirty-day period during which he could have filed a direct appeal.  *See* Ky. R. Crim. P. 12.04(3) ("The time within which an appeal may be taken shall be thirty (30) days after the date of entry of the judgment or order from which it is taken.").  The limitations period, therefore, expired one year later on May 2, 2012.  Because Petitioner did not file the instant § 2254 petition until well over three years later on December 23, 2015, the action is time-barred unless the tolling provision of § 2244(d)(2) applies.

Under § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  Because Petitioner's April 2013 RCr 11.42 state post-conviction motion was filed outside the one-year limitations

---

[4] Actually, the 30-day period ended on April 30, 2011.  However, that date was a Saturday so finality occurred on Monday, May 2, 2011.  *See* Ky. R. Civ. P. 76.40(1); Ky. R. Civ. P. 6.01.

period under § 2244(d)(1), that motion neither tolled the limitations period nor restarted the period. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("'The tolling provision does not . . . revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.'") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (internal quotation marks omitted)). The petition, therefore, is time-barred.

In his response to the Court's show cause Order and in his motion to expand the record, Petitioner argues that the filing of his RCr 11.42 motion tolled the one-year limitations period because he filed the motion within the allowable three-year period under RCr 11.42(10). While Petitioner's RCr 11.42 motion may have been "properly filed," it was not "pending" during the one-year period for filing a federal habeas action. This is fatal to his tolling argument under § 2244(d)(2). In *Thompson v. Chandler*, 55 F. App'x 758 (6th Cir. 2003), the Sixth Circuit considered and rejected an argument similar to Petitioner's. Specifically, the Sixth Circuit considered "whether the limitations period was extended by the three-year period that is allowed for filing a post-conviction action under Ky. R. Crim. P. 11.42." *Id.* It explained,

> Thompson now argues that the AEDPA's one-year limitations period is inconsistent with the three-year period within which Kentucky prisoners may file a post-conviction action under Rule 11.42. This argument is unavailing because the AEDPA's limitations period is tolled only while a properly filed state post-conviction action is actually pending. A post-conviction action is neither "actually pending" nor "properly filed" until it is actually filed. Thus, Thompson's § 2254 petition was untimely, as "any lapse of time before a state application is properly filed will be counted against the one-year limitations period."

*Id.* at 758 (internal citations omitted); *see also Osborne v. Hill*, No. Civ. 05-405-HA, 2006 WL 573913, at *1 (D. Or. Mar. 8, 2006) ("AEDPA's one-year statute of limitations applies even if

5

there is a longer state statute of limitations and 'does not permit the reinitiation of the limitations period that has ended before the state petition was filed.'") (quoting *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)).

For these reasons, Petitioner's habeas petition is untimely under § 2244(d).

However, because § 2254's one-year statute of limitations is not jurisdictional, *see Day v. McDonough*, 547 U.S. 198, 205 (2006), it is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A claim of actual innocence may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000). "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494-95 (6th Cir. 2003) (citing *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)).

In his response (DN 15) to the show-cause Order, Petitioner asserts that because he timely filed his RCr 11.42 motion within three years and appealed it through to the Kentucky Supreme Court, "The diligence in pursing his rights and the lack of constructive knowledge of requirement for a deaf/hard-of-hearing actual innocent defendant is beyond clear here." He also mentions that he is "a layman of the law." Additionally, Petitioner argues actual innocence. He states:

As the Chief Judge[5] noted Petitioner has a claim of actual innocence
of this crime.  Without addressing all just some of the particular grounds no
explaination has been offered as to why no DNA, by being actually
innocent, pleading guilty to first degree sodomy, forcible compulsion with
no actual evidence that he not one time ever had a history of or abused this
child because he was never alone with her to commit first degree sodomy or
forcible compulsion. . . . The evidence insufficient to convict Petitioner
beyond a reasonable doubt[.]

Petitioner argues that his habeas petition should not be denied "[b]ecause he is innocent of this

crime and was advised to plea even when the evidence was absent made statements to police

without proper communication tools affords by law and was forced to be a witness against

himself."

In the motion to expand (DN 16), Petitioner primarily addresses the substance of his

ineffective-assistance-of-counsel claims.  As to the statute-of-limitations issue, he states:

The statute of limitations is not jurisdictional.  Petitioner can satisfy that he
has been pursuing his rights diligently and what stood in his way prevented
his timely filing.  Petitioner pled guilty on November 10, 2010 entered into
court November 15, 2010 sentenced March 31, 2011 submitted his post
conviction motion July 2, 2013.  According to Rcr. 11.42(10) that the
motion be filed []within three years after the judgment becomes final.
Petitioner did not know that the facts which a claim is predicated was
unknown to Petitioner and could not be ascertained by one who is
deaf/hard-of-hearing with exercise of due diligence couldn't have known.
If there is even a chance that counsel's errors may have influenced the
proceedings to condemn an innocent person due to the allegations not
conclusively refuted.

(citation omitted).  Petitioner also contends that his "circumstances are subject to the doctrine of

equitable tolling."  He indicates that "the lack of knowledge "can provide a ground for equitable

tolling[] if the Petitioner has acted diligently in the matter."  He additionally argues that "his case

should not be dismissed outside the fact Petitioner is actually innocent" and states that his

---

[5] It is unclear if Petitioner is referencing the undersigned Chief Judge or a state-court chief judge.
Regardless, the undersigned advises that he never "noted Petitioner has a claim of actual innocence of this
crime."

"position is his exception to this procedural default doctrine on the basis of cause and prejudice."
He argues that he "had no counsel deaf/hard-of-hearing and no one was acting as 'Petitioner's
agent' with regard to his constitutional rights.  Federal law pro se status and illiteracy may be
sufficient to establish 'cause.'"  He claims that "the grievous harm that makes the showing
adequate is the factual questions relating to cause ad prejudice includes Petitioner's actual
innocence competence of counsel his deaf/hard-of-hearing which impeded communication
among other things that affects Petitioner's ability or effort to comply with a procedural rule, the
degree of prejudice resulted from these facts alone."

Here, Petitioner fails to present circumstances warranting equitable tolling.  He fails to
describe any extraordinary circumstance that stood in his way of timely filing the instant petition.
He further fails to demonstrate that he has been pursuing his rights diligently.  Even if Petitioner
lacked actual knowledge of the filing requirement, the Sixth Circuit has consistently recognized
that ignorance of the law does not excuse prompt filing, *see Allen v. Yukins*, 366 F.3d 396, 403
(6th Cir. 2004), and because of the "AEDPA's clear provisions regarding the statute of
limitations, [Petitioner] cannot claim a lack of constructive knowledge regarding the filing
deadline."  *Id.*  Moreover, Petitioner's reliance on a state rule of criminal procedure (RCr 11.42)
does not entitle him to equitable tolling as § 2244(d) is clear that a one-year limitations period
applies to federal habeas petitions, and as already discussed above, the filing of a state post-
conviction motion does not restart an already expired one-year limitations period.  *See Thompson
v. Chandler*, 55 F. App'x at 759.  Additionally, he fails to explain how being "deaf/hard-of-
hearing" prevented him from timely filing his § 2254 petition.  Finally, "an inmate's lack of legal

8

training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002).

As to Petitioner's assertion that he is entitled to equitable tolling on the basis of actual innocence, "the threshold inquiry is whether 'new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial.'" *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 317 (1995)). "Actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "'To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 324). Petitioner does not argue any "new facts" or present "new reliable evidence" that was not presented at trial. Therefore, he is not entitled to equitable tolling on the basis of actual innocence.

Finding Petitioner's § 2254 petition time-barred, the Court will deny the petition and dismiss the action.

### III.

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability must be denied.

The Court will enter a separate Order consistent with this Memorandum Opinion and Order.

Date: December 7, 2016

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:     Petitioner, *pro se*
        Respondent Smith
        Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive,
          Frankfort, KY 40601
4414.005